IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DEMARCUS LEWIS | § | |
| v. | § | CIVIL ACTION NO. 6:09cv378 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Demarcus Lewis, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Magistrate Judge set out the pertinent facts as follows:

Lewis was convicted of possession of one gram or more but less than four grams of a controlled substance. The State filed a notice of intent to seek higher punishment based on prior convictions, called a "Brooks notice," alleging that Lewis had two prior felony convictions. These were used to enhance the punishment range to 25 to 99 years or life. Lewis pleaded guilty to the charges and true to the enhancements, and he received a sentence of 40 years in prison. His conviction was affirmed by the Court of Appeals in Amarillo.

Lewis then sought state habeas corpus relief, and the Court of Criminal Appeals held that the notice of intent to seek higher punishment was not adequate to support enhancement because the notice did not properly allege that Lewis had committed one of the two offenses after the conviction for the other had become final. The case was remanded for a new assessment of punishment.

Prior to the new punishment proceeding, the State filed another Brooks notice correcting the errors in the original notice. Lewis filed objections to this notice. At the punishment proceeding, Lewis pleaded not true to the enhancement allegations. However, the trial court found the allegations to be true, and again assessed a 40-year sentence.

On appeal from this proceeding, Lewis argued that the trial court had erred in sentencing him outside of the appropriate range of punishment. He contended that the opinion from the Court of Criminal Appeals granting relief in his habeas petition had said that the Brooks notice was not adequate to support an enhancement to habitual offender status under Tex. Penal Code section 12.42(d), but was adequate to allege enhancement under Tex. Penal Code section 12.42(a)(3). Thus, Lewis maintained, the Court of Criminal Appeals had remanded the case for a new *assessment of punishment*, not a *new punishment hearing*. In other words, Lewis said that upon remand, the trial court was restricted to the range of punishment for second degree felonies, and had erred in allowing the filing of an amended Brooks notice, conducting a new punishment hearing, and sentencing him as a habitual offender. He also argued that the evidence was insufficient to support the enhancement because the State failed to prove that he was the person who had been convicted in cause no. 1-91-447, one of the prior convictions.

The Twelfth Court of Appeals held that where a new punishment hearing is ordered, the State is free to use a prior conviction for enhancement if proper notice of intent to do so is conveyed with respect to the new punishment hearing. Lewis acknowledged that this holding was supported by a decision from the Court of Criminal Appeals called McNatt v. State. 188 S.W.3d 198 (Tex.Crim.App. 2006), but argued that McNatt had been wrongly decided.

With regard to the sufficiency claim, the Court of Appeals looked to testimony from investigator Donald Mainstrom, who stated that he took Lewis' fingerprints on the morning of the punishment hearing and that these fingerprints matched the bail bond sheet in cause no. 1-91-447. The Court of Appeals said that this constituted legally sufficient evidence that Lewis was the same individual who was convicted in cause no. 1-91-447. The assessment of punishment in the second sentencing hearing was affirmed.

In summary, therefore, Lewis was convicted of possession of a controlled substance, and his sentence was enhanced with prior convictions. The "Brooks" notice which the State gave of intent to enhance was deemed defective, and the case was remanded for a new punishment hearing. The State again gave notice of intent to enhance, and an enhanced sentence was imposed.

Lewis argued that the State was barred by the doctrine of collateral estoppel from imposing an enhanced sentence in the re-sentencing, saying that the finding that the Brooks notice was inadequate was equivalent to a judgment of acquittal. The Magistrate Judge concluded that this was incorrect, based on the McNatt decision, which specifically held that as long as the enhancement is not barred by other considerations such as prosecutorial vindictiveness, the State is free to use a prior conviction for enhancement if proper notice of the intent to do so is conveyed with respect to the new punishment hearing.

In his objections to the Report of the Magistrate Judge, Lewis says that McNatt conflicts with an earlier Court of Criminal Appeals decision called Ex Parte Watkins, 73 S.W.3d 264 (Tex.Crim.App. 2002). He also says that the Magistrate Judge was incorrect in stating that no case has held that collateral estoppel or double jeopardy applies in the sentencing portion of a non-capital case. He again says that the initial grant of relief in his favor, setting aside the original Brooks notice, was a "valid and final judgment" and so the State was precluded from litigating this issue upon re-sentencing.

In Ex Parte Watkins, the appellant Jimmy Watkins shot and killed his estranged wife Nancy, and also shot another man, Keith Fontenot. He was tried and convicted for Nancy's murder; however, during the punishment phase, the jury decided that Watkins had acted under the immediate influence of sudden passion, and sentenced him to 10 years' community supervision.

The State then indicted Watkins for the attempted murder of Fontenot. Watkins filed a pre-trial habeas petition arguing that the doctrine of collateral estoppel barred the State from relitigating the issue of his mental state. The Court of Criminal Appeals noted that the doctrine of collateral estoppel holds that when an issue of ultimate fact has been decided by a valid and final judgment, that issue cannot again be litigated by the same parties in a future lawsuit. The court concluded that the issue of "sudden passion" was an issue of ultimate fact which had been decided by the jury and was part of a valid and final judgment, and so the State was barred from relitigating this issue.

In the present case, by contrast, Lewis is not talking about an issue of ultimate fact, decided by a jury. Instead, he points to a decision by the Court of Criminal Appeals in a collateral proceeding, determining the legal issue of the validity of the State's Brooks notice. As the Court of Criminal Appeals stated in McNatt, the State may present a valid Brooks notice upon re-sentencing. No conflict exists between McNatt and Watkins because Watkins involves an issue of ultimate *fact*, while McNatt involves a legal question. Lewis' objection on this point is without merit.

Second, Lewis objects to the conclusion by the Magistrate Judge that double jeopardy has never been held to apply to the sentencing portion of a non-capital case. However, none of the cases

3

cited by Lewis concern an application of a legal holding on collateral review used as a bar in a subsequent sentencing proceeding. Similarly, Lewis' contention that the Respondent is precluded from raising Teague v. Lane, 489 U.S. 288 (1989) because this claim was not raised in his state habeas proceeding is without merit; as the Magistrate Judge correctly observed, Teague is a defense under federal habeas law, not state habeas law, and even were Teague applicable under state law, there is no waiver rule requiring that the State may only defend federal habeas petitions through arguments raised in state habeas proceedings. This objection is without merit.

Third, Lewis challenges the Magistrate Judge's conclusion that counsel rendered ineffective assistance in failing to find the collateral estoppel defense. Since no such defense existed, however, counsel was not ineffective for failing to raise it, either in the trial court or on appeal. He also says that counsel was ineffective for failing to argue that the Court of Criminal Appeals' decision acted as an acquittal of the habitual offender allegation, but such an argument would have been contrary to McNatt and thus necessarily unavailing. Finally, Lewis asks that the Court undertake a "cumulative error" analysis, but he has failed to identify any error in trial counsel's performance, and so there can be no cumulative error. *See* Turner v. Quarterman, 481 F.3d 292, 301 (5th Cir. 2007), *citing* Derden v. McNeel, 978 F.2d 1453, 1454 (5th Cir. 1992) (*en banc*). Lewis' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Demarcus Lewis is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 17th day of September, 2010.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE